**19 CV 840**

United States District court, Southern District of New York

| | | |
|---|---|---|
| John E. Casaburro | **SCANNED** | Civil Action Case No:_____ |
| Plantif | X | <u>Jury Demand</u> |
| -vs- | X | COMPLAINT:<br>For Diversity; Federal Questions/RICO;<br>Breach of Contract |
| D.C. 9 NYC Painters Union and Pension Fund (IUPAT) | X | |
| <u>Defendant's</u> | X | |

I John Casaburro, Plaintiff in the above captioned matter, affirms that the following claims and statements are true.

1. This claim arises under Diversity 28 USC 1332; Federal questions 28 USC § 1331; Civil RICO - 18 USC § 1961-1968 and Breach of Contract for ongoing denial of vested pension benefits by defendants.

2. Plaintiff has exhausted his remedy's with a local attorney, appeals, and the US Department of Labour.

3. Union has a long history of organized crime influence.

4. Plaintiff is entitled to relief of arrears, money owed, projective income for 20 years, legal fees, costs and punitive damages.

5. This action exceeds $75,000.

<center>Jurisdiction</center>

6. Diversity: 3 States involved; Venue NYC where contract was made and union resides and Federal questions Cases/RICO's that were committed by the Defendants.

<center>The Parties</center>

7. Plaintiff: Lives at 111 Kendra Ave., DeLand, Florida 32724. Phone number: 386-215-7327.

8. Defendant: District Council 9 Brotherhood of Painters and Allied Trades Office at 45 West 14th St, New York, NY 10011. Phone Number: 212-255-2950. C/O President John Drew.

9. Defendant: International Painters and Allied Trades Industry Pension Fund (IUPAT) Office at 7234 Parkway Dr., Hanover, MD 21076. C/O Tim D. Maitland, Fund Administrator.

<center>Facts/Background</center>

10. In 1969 Plaintiff joined the NYC Painters Union (Local 905) D.C. 9, paid a join up fee, his monthly dues on time, was a member in good standing and his employers paid into the pension fund.

11. Plaintiff has left Union and on April 3, 1984, received a letter from Pension Fund noting that I have enough vested time (10 years) to receive a pension at age 65 (see Exhibit A, Pension Fund IUPAT Archives).

12. After Plaintiff moved to Florida in 1996, he wrote IUPAT and on January 29, 1997, received another letter restating my vested retirement benefit with a cost of living increases totalling $243.00 per


Pg-1

month (See Exhibit B).

13. Reaching 65 on October 14, 2016, Plaintiff wrote IUPAT and received an application for Pension Acknowledgement Letter on November 1, 2016 (Exhibit C). Plaintiff provided all documents on time to receive benefits.

14. Plaintiff was denied benefits, IUPAT using an excuse and confusing me with another John Casaburo (with one letter r in name) who was not vested, from California (Plaintiff never lived in CA).

15. On May 1, 2017, my local Attorney wrote to IUPAT explaining the mix up. (Exhibit D)

16. Plaintiff appealed and was still denied benefits on October 11, 2017, with more long winded and convoluted reasoning.

17. On February 24, 2018, Plaintiff wrote to the US Department of Labour (Exhibit E). Case worker Caesar Santiago in Washington DC (referred from Tampa, FL) Phone number 954-640-1269. He stated that there are 300 claims against the defendants and that IUPAT lied about name mix up. Santiago said to take the matter to a judge.

18. The foregoing constitutes a Breach of Contract by the defendants who are in arrears of 27 months, or $11,475 at $425 per month with COLA and with $1025.00 in Attorneys fess and costs.

19. Plaintiff seeks projected income of 20 years or $200,000.00 in benefits, COLA, and interest due to the unreliability of Defendants.

20. RICO "Federal Racketeering Influenced and Corrupt Organizations" Act violations have occurred. They include union corruption, bribes, murder, cronyism, featherbedding, and obstruction of payments. These acts violate RICO 18 USC §1961-1968, 1962(a), 1962(c), and 1962(d) (predicate Acts)

21. In 1971 a young DC 9 Union President of NYC was assassinated in his car with one bullet, gangland style, in the back of his head. Everyone knew James "Jimmy" Bishop was no longer playing ball with the Gambino Crime Family. (a request to NY Daily News article is underway)

22. In 1971 Plaintiff worked at Co-Op City in the Bronx, the largest construction of buildings ever. The job steward Pete Bonano (nephew to Bonano crime family) never worked, he just collect workers info, have coffee, and leave. He was always dressed neatly in coveralls and tie and received full pay for 5 years. This type of union "featherbedding" was common, especially if you were connected (cronyism).

23. In 1975, Plaintiff worked in Westchester County, NY, painting supermarkets for J.M. Charles, Corp. I saw my boss Max Hochberg pay a job steward a large amount of cash rolled up so workers could work night shift (extorted bribery). This same job steward gave me a hard time when I left the Union and asked for a transfer of my annuity funds be rolled over to a private plan by their check in 1983 at DC 9, NYC Office in person (cronyism and attempted payment obstruction).

24. Plaintiff believes cronyism, obstruction of payments is rampant with IUPAT board members. Constituting a RICO to date.

25. Defendants acts and conduct constitute a RICO by improperly enriching themselves, harming 300 complainants or more.

26. The acts of the Defendants are a joint conspiracy and fraud and Plaintiff suffers damages to date.

27. The Defendants by nexus continues with acts of fraud, conspiracy and deception for their own gain and harm the Plaintiff and others.

28. The stress Defendants caused Plaintiff to spend thousands of dollars on dental work (night teeth

grinding) and chiropractic visits.

29. Where as in conclusion, Defendants are culpable, severally and individually liable by the facts and evidence submitted herein, that the court grant Plaintiff monetary damages over $200,000.00, by Jury, attorneys fees and costs, plus interest.

<u>ADA Accommodation</u> - Plaintiff suffers from chronic neck and back pain, numb fingers, degenerative eye, light sensitive that causes headaches and lost focus (can not use a computer). Plaintiff requests that court allow/order all pleadings and notice be sent US mail and that except for trial, Plaintiff be allowed to appear by phone at hearings or conferences.

## CASE LAW TO SUPPORT MY CLAIMS AS A PRO SE PLAINTIFF

1.  Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) supports a plaintiff's proceeding pro se and that my complaint can be construed liberally, Haines v Kerner, 404 U.S. 519, 520-21 (1972) (Per Curiam) favorably to plaintiff, Papasan v. Allain, 478 U&.S. 265, 283 (1986).

2.  That I, the Plaintiff, am entitled to offer evidence to support claims (Schever v. Rhodes, 415 U.S. 232, 236 (1974)), including subpoenas of phone records, e-mail, air fare receipts, copies of VISA's and passports.

_1-22_____, 20_19_  
Date

_John E. Casaburro_____  
JOHN E. CASABURRO, Pro Se  
111 Kendra Avenue  
DeLand, Florida 32724  
(386) _215-7327_

STATE OF FLORIDA  
COUNTY OF VOLUSIA

Sworn to a subscribed before me this _22nd_ day of _January_, 2019, by John E. Casaburro, who is personally known to me or who provided _Driver License_ as identification.

(SEAL)

_____  
Notary Public State of Florida

PATSY J. DORPH  
Notary Public - State of Florida  
Commission # GG 152522  
My Comm. Expires Oct 30, 2021

Case 6:19-cv-00632-JA-DCI   Document 2   Filed 01/28/19   Page 5 of 11 PageID 15

*※ stated he was vested*



**INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES UNION AND INDUSTRY NATIONAL PENSION FUND**

SUITE 501 UNITED UNIONS BUILDING, 1750 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006-5307   AREA CODE 202-783-4884

April 3, 1984

Mr. John Casaburro
525 Bronxville Road
Bronxville, New York 10708

Dear Mr. Casaburro:

This is in response to a telephone call from one of your employers, and we wish to assure you that we have now verified that you did indeed earn your 10th year of vesting service in the calendar year of 1979. We are; therefore, pleased to advise that you have attained a vested status with the National Pension Plan.

From December 19, 1969 (your initiation date) through 1980 you earned 114 units of pension credit. This, of course, is providing contributions were submitted on your behalf as an "Employee", ※ as defined by our Rules and Regulations, and that you were never self-employed from your initiation date through 1980 and that you worked continuously during that period of time for an employer that subsequently become a contributing employer with this Fund.

We wish to inform you that based upon 114 units of credit, you can expect to receive a pension benefit in the amount of approximately $100.00 per month at the age of 65.   ?

Please be advised that the amount listed above was figured based on the assumption that you will retire on a straight pension, whereby there will be no reductions for an elected option, and   ?
this amount is not to be considered as a firm determination of the exact amount of pension you will receive. We are unable to provide a firm determination until the time of your retirement when you have filed a pension application and we have verified your records.

If you have any questions regarding the information listed above, please let us know.

Sincerely yours,

*Richard W. Meyers*
RICHARD W. MEYERS
Administrator

RWM:cp
opeiu #2
afl-cio

—EX-A—

IUPAT Pension Archives



INTERNATIONAL
*Brotherhood of Painters and Allied Trades Union and Industry Pension Fund*



**TELEPHONE**
202-783-4884

**FAX**
202-393-6475

**SUITE 501
UNITED UNIONS BUILDING
1750
NEW YORK AVENUE, N.W.
WASHINGTON, D.C.
20006-5387**

January 29, 1997

Mr. John Casaburro　　　　　　　　　　　　　　SSN: 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
155 E. Stetson Street
DeLand, Florida 32724

Dear Mr. Casaburro:

This letter is in response to your inquiry about your pension entitlement.

After researching our files, we have corrected your record to reflect your vested right to a retirement benefit. The pension amount is higher from what we originally advised, because the District Council No. 9 retirees now receive the full rate value.

Our records reveal that you can expect to receive an approximate retirement benefit of $97.50 per month at fifty-five years of age, or $243.00 monthly at age sixty-five. These estimates show the full unreduced amount before the election of an option.

We trust this letter gives you the information that you were seeking. However, if you have any questions, please let us know.

Sincerely,

*Gary J. Meyers*

GARY J. MEYERS
Fund Administrator

GJM:bf

*Ex. B*

**International Painters and Allied Trades Industry Pension Fund**

OFFICE OF FUND ADMINISTRATOR  PHONE 410 | 564 | 5500  TOLL FREE 800 | 554 | 2479
7234 PARKWAY DRIVE › HANOVER, MD 21076  FAX 866 | 656 | 4160  pension@iupat.org

November 1, 2016

John E. Casaburro
111 Kendra Avenue
Deland, FL 32724

       Re: Pension Application Acknowledgement Letter
       ALT ID: 727103

Dear Mr. Casaburro:

Please be advised that the Fund Office received your Application for Benefits on October 19, 2016. Upon completion of processing your application, you will be sent written notification of our determination on your pension eligibility. Our determination should be sent within 90 days of your application, unless we need additional information and ask you for it. If you have not received a response within 90 days, you must file a written appeal to the trustee to be safe and preserve your right to payments based on your original application date. You can also call the Fund Office to check on the status of your application, but the call is not a legal appeal.

We have reviewed the document submitted with your application and have determined that the following information is missing.

- **Divorce decree**

The Fund office cannot complete the processing of your application until the requested information is received.

If you are found eligible for benefits, you will be sent additional forms on the amount and form of payment of your benefits that will need to be completed and returned to the Fund Office for processing before you can receive pension payments. You will need to complete and return these forms promptly as they expire (and require new forms) 180 days after your expected retirement date, which can be as early as the first day of the month after your application is received in the Fund Office. If you are not found eligible for benefits, you will receive written notification explaining our determination.

If you have any further questions regarding the application process, please contact the Fund office at (410) 564-5500 or toll free at (800) 554-2479.

Sincerely yours,

*Tim D. Maitland*

Tim D. Maitland
Fund Administrator

TDM/lr

                                               Ex-C



| | | |
|---|---|---|
| **Main Office:** | **PRINCIPLE** | |
| 200 E. Graves Ave. | | Member of North Carolina Bar |
| Orange City, FL 32763 | **LEGAL OFFICES, P.A.** | Member of Florida Bar |
| Tel: (386) 626-9006 | EVERYONE DESERVES JUSTICE | Fax: (866) 399-3281 |

## George Trovato, Attorney at Law

May 1, 2017

Re:   John E. Casaburro
      111 Kendra Ave
      Deland, FL 32724

Tim Maitland
Fund Administrator

Please be advised that our firm has been retained as legal counsel for the above client in reference to his denial of benefits from the International Painters and Allied Trades Pension fund.
    Our client received a denial letter from the fund that was based on a previous denial of benefits letter dated October 14, 2011. The confusion is understandable because the name John Casaburro seems to be unique. The problem is that our client's denial is based on the denial letter for a DIFFERENT John Casaburo who lived in California. A simple Google search reveals that there is indeed a John Casaburo (only one R) in Oxnard, Ca.
    Our client, John E. Casaburro (two R's), has never lived in California. A search of the Volusia County Property Appraiser *http://vcpa.vcgov.org/searches* will reveal that our client has lived at 111 Kendra Ave, Deland, FL since 1999.
Our client has in his possession a 1997 letter from a previous Fund Administrator, Gary Meyers. The letter indicates that John Casaburro (two R's) was vested and gave an estimate of what he would receive upon retirement. This letter included the social security number of our client 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. You will notice that in the three letters that I am attaching you identify the participant different ways…by social security number, by file number, and by alternate ID.
    Please do a little more research on this issue. We believe that our client is entitled to benefits from the fund based on the 1997 letter. If you need more personal information to differentiate between the two men please contact our office and we would be happy to furnish that information.

Thank you for your attention to this matter.

Sincerely,

/George Trovato/
George Trovato, Esq.
Principle Legal Offices, P.A.

EX-D

E-mail: PrincipleLegal@yahoo.com      www.PrincipleLegal.com

C  John E Casaburro
111 Kendra Ave
Deland, FL 32724-2938

386-215-7327
Feb. 24, 2018

TO:
Mr. Dallas, Information
Officer - National Labor       Fax - 813-228-2874
Relation's Board, 201 E.       Ph# - 813-228-2665
Kennedy Blvd. Rm 530           Direct 228-2669
Tampa, FL 33602                (current case)
(Worker Ceasar Santiago 954-640-1269 Fax 954-640-1240 P4)
Re: UNION PENSION Fund's DENIED.

Dear Mr. Dallas, Here is the information you requested: Brotherhood of Painter's District Council 9; AKA - International Painter's and Allied Trades. 45 West 14th St. N.Y., N.Y. Ph. 212-255-2950, Fax - 212-255-1151, President John Drew. (Pension Fund Info Attached.)
MY - D.O.B. 10-14-51, SS# - 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

Back Round - On 1-29-1997 I received a vested right of Pension without cost of Living projection at retirement. (See Attached #1). On Oct 11, 2017 A Benifit Appeal was denied (see Att #2 from Industry Pension fund). On Page 2 Last paragraph someone else with a simular name as mine was denied in 2011. I was age 60 in 2011, need to be 65 to receive Full benifit. (see att #3) -

EX-E-   pg. 1
PG-1-of 2.

a man and one Last name Casaburo From California was denied his vest pension having only eight years credit. I have ten years Full credit ATT#4- April 3 1984 states ten year vested in 1st Paragraph. This mistake by the union/Fund was clearly noted by my Attorney on May 1, 2017-(Att#5) The appeal board did not properly consider these factors 5 months Later and repeated calls to Mr. Tim Maitland go unanswered. Please help to rectify this matter. Remedy sought: (1) 17 month Back Pension payment with current and Future cost of Living increase projection (Letter of 1984 showed $100., 13yrs Later letter of 1997 show's $143. increase ($243)) (2) Legal bill - paid by Union/Fund to date.

Thank you so much For your consideration in this matter

yours truly
John Casaburo

cc- Attorney of Record.

EX-E- pg 2        pg-2-



MR. JOHN E. CASABURRO
111 KENDRA AVE.
DELAND, FL 32724-2938

RECEIVED
SDNY PRO SE OFFICE
2019 JAN 28 PM 3:29
S.D. OF N.Y.



7018 1830 0002 0441 5844

CERTIFIED MAIL

Pro Se Office
U.S. District Court
500 Pearl St. Rm 230
New York, New York, 10007



USDC SDNY



1023
10007

U.S. POSTAGE PAID
FCM LG ENV
DELAND, FL
32724
JAN 22, '19
AMOUNT
$8.67
R2303S100605-16