UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN E. CASABURRO,<br><br>                    Plaintiff,<br><br>         -against-<br><br>D.C. 9 NYC PAINTERS UNION AND PENSION FUN (IUPAT),<br><br>                    Defendants. | 19-CV-0840 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a resident of Florida who is proceeding *pro se*, filed this action under the civil provision of the Racketeering and Influenced Corruption Organization Act (RICO), 18 U.S.C. § 1964(c), alleging that Defendant International Painters and Allied Trades Industry Pension Fund ("pension fund") denied him his pension benefits. He also alleges that his union, District Council 9 Brotherhood of Painters and Allied Trade ("union"), violated RICO in the 1970s and 1980s. Finally, he invokes diversity jurisdiction and brings a state-law claim for breach of contract.

On March 11, 2019, the Court granted Plaintiff's request to proceed without the payment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court transfers the action to the United States District Court for the Middle District of Florida.

## DISCUSSION

**A.     The Court dismisses Plaintiff's RICO claim for failure to state a claim**

Plaintiff seeks relief under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004).

To state a claim for relief under § 1964(c), Plaintiff must allege that Defendants violated § 1962. This requires Plaintiff to plead that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Racketeering activity, defined in 18 U.S.C. § 1961(1), includes:

> any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year.

*Id.*

A pattern of racketeering activity must involve "at least two predicate acts [of racketeering activity] committed within a ten year period." *Cosmos Forms Ltd. v. Guardian Life Ins. Co. of Am.*, 113 F.3d 308, 310 (2d Cir. 1997) (citing *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237 (1989)); *see also* 18 U.S.C. § 1961(5).

Civil RICO claims have a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).

Plaintiff asserts that his union violated RICO. In support of this claim he alleges the following: in 1971, (1) "a DC 9 Union President was assassinated in his care with one bullet"; and that (2) while working at a construction site in the Bronx, he personally witnessed corruption. (Compl. at 2.) And in 1975, while working at a supermarket in Westchester, Plaintiff witnessed his boss "pay a job steward a large amount of cash rolled up so workers could work night shift." (*Id.*) "This same job steward gave me a hard time when I left the Union and asked for a transfer of my annuity funds be rolled over to a private plan." (*Id.*) Plaintiff also experienced this "hard time" in 1983. (*Id.*) He "believes cronyism, obstruction of payments is rampant with IUPAT board members." (*Id.*)

These allegations are insufficient to state a RICO claim. First, Plaintiff does not allege that his union engaged in any racketeering activity that injured him. His allegation that a job steward gave him a hard time regarding his pension benefits in the 1983 does not meet the definition of racketeering activity. Moreover, any RICO claim is untimely as the acts Plaintiff complains of occurred in 1983, at the latest.

The Court therefore dismisses Plaintiff's RICO claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     The Court construes the complaint as raising a claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001**

Because Plaintiff alleges that his pension fund denied him his pension benefits, the Court construes the complaint as asserting a claim under ERISA. ERISA covers "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce or . . . by any employee organization or organizations representing employees engaged in commerce." 29 U.S.C. § 1003(a)(1 & 2). Under ERISA, state-court claims, such as breach of contract, are generally barred. *See* 29 U.S.C. § 1144(a); *see Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987).

An ERISA action may be brought in a federal district court for the judicial district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); *see also Garg v. Winterthur*, No. 05-CV-5870 (LTS), 2007 WL 136263, at *2 (S.D.N.Y. Jan. 18, 2007).

On November 29, 2018, Plaintiff filed an ERISA action in the United States District Court for the Middle District of Florida. *See Casaburro v. Int'l Painters & Allied Trades Industry Pension Fund*, No. 18-CV-2051 (JA) (DCI) (M.D. Fl.). Plaintiff is represented in that matter.

C.        **Transfer is appropriate under 28 U.S.C. § 1404(a)**

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer to the United States District Court for the Middle District of Florida, where Plaintiff resides and his ERISA claim is pending, is appropriate in this case. Plaintiff's RICO claim, now dismissed, no longer provides a basis for venue in this District. As no useful purpose would be served in litigating Plaintiff's ERISA claim in any other district court than the Middle District of Florida, the Court concludes that it is in the interest of justice to transfer this action to that court. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. A summons shall not issue from this Court. This order closes this case.

The Court dismisses Plaintiff's RICO claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 26, 2019
       New York, New York

                                        COLLEEN McMAHON
                                    Chief United States District Judge